Case number 23717 Howard Hawkins et al. versus Mike DeWine et al. Argument not to exceed 15 minutes per side. Mr. Fitcherakis, you may proceed for the appellant. Yes, I'd like to ask this honorable court to allow me to reserve five minutes for rebuttal. That's fine and you may proceed. We're arguing that the district court erred by adjudicating issues of fact in order to grant defendants' appellees' motion to dismiss plaintiff's appellant's amended verified complaint under federal rules of civil procedure 12b-6. The district court erred also by ruling that Ohio statutes which require in-person signing and witnessing of nominating petitions or minor party formation petitions did not violate the first and 14th amendment to the United States Constitution as applies under appellee's COVID-19 social distancing orders of which there are four that we need to deal with. The district court erred by overruling plaintiff appellant's motion for a temporary restraining order and preliminary injunction against the defendant appellee's enforcement of Ohio statutes that requires candidates nominating petitions as independent candidates for president and minor party formation petitions. Now the irony of all this of course is that we're doing this by Zoom uh because the court correctly to ensure the safety of its uh the public its employees lawyers and judges perhaps lawyers which should be last there uh said that it would be safer. I concur wholly. So on the other hand the state of Ohio issued four orders which are vague on their surface vague on their surface and as applied make no sense as we look at this. So partly what we're arguing is that how you apply these statutes in a pandemic should be logical and consistent with the spirit of the law or legislative intent. We're in a situation where the plaintiff appellants feel they're sort of in a tragic comedy where these broad orders are being issued about a pandemic where all mass gatherings which as applied in reality is where you get signatures for candidates right either that or going uh door to door with a list uh so with four orders two of them uh and starting out with broad prohibitions against. Uh Catherine let me ask you um I'm concerned a little bit about the fact that these laws actually have an exemption um what do why is it vague to say that exempted or excluded from this your argument that collection of signatures is absolutely clearly first amendment speech? Uh well the question well no the reasonable people see the right to petition often when people think of first amendment speech they think of freedom of the press or they think of you know freedom of assembly uh but actually petitioning uh is a more complex issue in fact you can't petition federally say not to go to war because of the republic clause in the constitution uh that says what about the april 30 order that expressly says that it includes among other things petition and referendum circulators isn't that who you're calling it starts out as a general prohibition uh against uh people meeting right the last order they issued said people with 10 or more can't really uh gather uh together so the reality of a pandemic is face-to-face wet ink uh signatures are in fact a possible death sentence and that what people are going to hear is you can't have more than 10 people at your house and there's a pandemic and you should distance they're not going to wonder why the notion of a circulator uh is somehow exempt and may be associated with sickness and possible death i mean i mean those are concerning i don't just i don't dispute your concern it's fair but i'm also struggling with the green party for example um could have started collecting party formation signatures that at least your opponent opposing council argues as early as november of 2018 when it lost the ballot recognition status um doesn't that failure to move forward earlier play a role in this case uh no but they were in fact collecting signatures uh already they had undergone uh back to the previous year and they were collecting uh signatures although i would concede that the nature is sometimes uh towards the end of this process but you know they were pretty much shut out in march so by the time the april 30th if you've lost a month and a half of petition gathering uh particularly uh from a party uh uh that is a minor party but i would point out that in 2014 the greens got 3.34 percent of the vote well over a hundred thousand votes and one of the highest totals in the post-war history of ohio indicating that there clearly were people willing to support the green party as you'll see in the gubernatorial vote of 2014 and they were in fact collecting uh signatures uh but they weren't due to uh june uh 30th so in a lot of times and you need mass gatherings you wait to the spring uh this is what we're arguing as applied in part because you ban all mass gathering the cannabis festivals uh the environmental festivals all the community festival in columbus all the places where tens of thousands of signatures are gathered at one time i have a question can you hear me yeah i was wondering how you distinguish this case from the toxin case that's recently handed down by our court well uh let me uh this argument uh really is distinguished by vagueness uh not only uh on the face but uh as applied and is far more in common with the shockie the ruling of the court i mean you're you're saying that people in a pandemic are allowed to you know go out and get wet signatures uh but it wasn't said in the first three orders it was just kind of like you know socially distance yourself no large gatherings uh and uh on the other hand it didn't really mention circulators uh to the fourth uh prohibition uh proclamation and also you had a counselor may may i follow up with something on that wasn't a sake different because michigan did not have exception for first amendment protected speech isn't that correct but the exception doesn't appear turn up to the fourth order and it just refers to circulators it looks and there's a contradiction on the surface i mean why wasn't the state saying you know there's vera sign there's all sorts of legal matters that are being carried on because the judicial branch was wise enough uh to come up with ways uh to conduct business when the state of ohio could have done the same thing and it was contradictory it's saying hi there can be no mass gatherings it said it three times uh and not only that uh watch out you need to socially distance yourself because you could get sick or possibly die uh so it contradicts itself uh it's vague why didn't they issue a separate order immediately to protect uh the first amendment rights of minor parties were at the crux of our system right madison wrote about that i interrupted to add a question on a sake but i think i interrupted judge seiler's question about why is this not exactly what thompson is so um let me uh you've completed the answer to my interruption i know you want to turn back to judge seiler's question now i appreciate it let's take just a moment mr initial time has expired so hopefully you can be brief uh just no first amendment carve out you said that in south bay which followed thompson i'm arguing that it's impossible in a pandemic to carve out a first amendment exception for wet signatures not and not only that it's dangerous and the state should have known better okay thank you mr petrankis your initial time has expired we'll hear next from mr flowers thank you chief judge cole and may it please the court i want to suggest two bases for affirming the district court either one independently sufficient first the delay in bringing this case and second on the merits i want to start with delay because one critical aspect of this case you'll see in the briefing and didn't come out an argument from my friend is that he's not yet suggested what relief would be available except just a free pass to the ballot now that's the most extreme relief available in a ballot access case because it completely denies the state the ability to enforce its ballot access laws i would refer your honors to fishman that's the supreme court decision in which justice marshall uh denied a request to put candidates on the ballot when they challenged an even more onerous signature requirement in connecticut because he said you could have brought this much earlier and if you had there may have been a way to accommodate the concerns without the drastic remedy of putting you straight on the ballot now we're in a similar situation here because uh the green party and the in the presidential plaintiffs here waited until may 29th to sue more than a month after the thompson plaintiffs had sued then they took them 11 days to file an amended complaint when they got a decision on june 24th they waited 12 days to appeal and in the interim the june 30th deadline in which which was the first deadline at issue had run that virtually guaranteed that the only relief they could possibly get would just be a free pass out of the ballot there's nothing else that can be done i don't think at this point they certainly have not suggested anything and that latches argument independently requires affirming the district court but i want to get to the merits because my friend began his argument by saying that the district courts um adjudicated factual issues at the motion dismiss stage but he hasn't identified a factual issue that was adjudicated their sole basis for claiming that there was a severe burden here is the supposed vagueness of the first amendment um exemptions and that argument doesn't fly for a few reasons first it's not a factual determination the question whether a law is vague is a legal determination that doesn't depend upon the facts second their argument just fails on the face of the orders the initial orders all contained an exemption for first amendment protected speech and that applied to the very gatherings they're talking about except so there were the first amendment exemption applied uh from the very beginning of the stay at home orders beginning on april 30th the state expressly permitted signature gathering there is no plausible argument that a law expressly permitting signature gathering is vague and i would note that as early as april the state was taking the position in court that the first amendment exemption permitted signature gathering so if we had tried to prosecute someone for gathering that we would have been judicially stopped from doing so we said from the outset that first amendment the first amendment interests were important it needed to be protected the governor took that seriously the health director took that seriously and and and we never argued that was barred and on the face of the order it is not barred judge siler and judge stranch you asked about thompson i'd like to the burdens here are less severe than the ones that were deemed merely intermediate by thompson so in thompson we're dealing with initiative proponents people who wanted to put an initiative on a ballot to make it law they needed signatures equal in number to 10 of the people who voted for governor in 2018 uh if that was statewide it needed to be 10 of the state population for a municipal initiative 10 of the municipal population yet even that they said was an the signature requirements here are far less the green party needed one percent of those who voted in the 2018 gubernatorial race and they could have started in november 2018 and the independent parties had a year to gather just 5 000 signatures um now since this was decided at the 12b6 stage obviously we're not dealing with facts here but if your honors were a bit concerned about that and wanted some assurance we can look around and see plenty of first amendment activity that's been going on even during the pandemic we of course had major protests following the tragic death of george floyd where people were gathering signatures and in fact there was a massive movement to recall the columbus mayor that while it didn't qualify i got far more than 5 000 signatures in a very short period of time we've had municipal initiatives that have been submitted to county clerks if you look at the case miller v thurston from the eighth circuit at least the oral argument in that case there was discussion about drive-through signature drives that they were running to safely gather signatures during the pandemic so there were options for doing this and that also brings me to uh the point that not only would the court contradict thompson uh by holding that the burden here is severe which is the only basis they give for uh for ruling in their favor it would create a circuit split there are published opinions from the seventh circuit morgan v white the eighth circuit miller v thurston and even the unpublished decisions from the third circuit in the case we submitted the libertarian party case and then the reclaim ohio idaho case from the supreme court is in a similar vein all of these recognize that as long as the state does not stop you from gathering signatures while no doubt the pandemic makes it harder it makes it makes every aspect of life harder from grocery shopping to to anything else as long as they don't prevent you from exercising those rights they've not imposed a severe burden and the green party here argue their sole argument is there's severe burden if there's not a severe burden they must concede well here's a question are those cases distinguishable because the circulator blankets here allege that they fall within the high risk categories subject to life-threatening complications from covet 19 i don't believe in thompson there was that kind of allegation does that not make a distinction i don't think that was alleged in thompson but it doesn't make a distinction and the reason why is it's not a state imposed burden the state imposed the burden is to gather the signature and the question is whether making people gather signatures is a severe burden an individual can't come and point to their particular circumstances that make a outside a state law that makes something burdensome let me give you an analogy if the green party had hired a about a signature collection company and the company just breached its contract and stopped collecting signatures or perhaps an independent candidate for president broke his leg and wasn't able to yeah severely and was in the hospital and couldn't go gather signatures he would have a hard time getting enough signatures to qualify but that would not be a state imposed burden that would matter for the anderson verdict analysis and the same is true here there are no allegations that they made any efforts to continue selecting collecting signatures after the pandemic hit and indeed the only basis they give this court for finding a severe burden is the supposed vagueness of the of the stay-at-home order so if your honors don't think those are vague this case is over there's not much more to do uh finally i wanted first of all i want to thank your honors for hearing oral argument i know it's obviously this is a compressed case uh we understand the urgency too and understand the green party's urgency uh we do ask if there is an adverse ruling to not issue the mandate immediately just so that we have we will get an en banc petition on file if we need to within 24 hours so we can get to the supreme court within a week um after that that way ensuring that everyone's rights are are well respected and protected but if there are no further questions we ask you to affirm for one of two independent bases first the matter of law the suits barred by latches second uh the they failed to allege any facts which if assumed true give rise to a plausible claim for relief oh i just had one quick question does the different burden of proof here make a difference that um this this grant of a motion to dismiss um or a stay a grant of a preliminary injunction does that do you not see a distinction in those two burdens no in the well there's there are different burdens but the reason that they're not material here is because we have to ask the question if we assume every fact that they allege to be true have they impose a severe burden and when we look at thompson in the other cases from what they define a severe burden to be and what plaintiffs can see it is which is exclusion or the legal conclusions that permit the inference that they were excluded from the ballot and indeed as i said if the thompson petitioners weren't with a much higher signature requirement and much less time to gather them then there's no argument that the green party was chief judge call i hope i didn't cut you off oh no you did not not at all it's a very very quick question i know this case is on a very fast track i understand we've got an august 5 um uh deadline so to speak i just had a really very general question and maybe the time constraints uh would be a factor here but uh the state uh proffers what they what it says are legitimate uh interests in terms of the restrictions uh how do we know that these interests are legitimate without having some sort of discovery should the state have to provide some sort of uh evidentiary basis for uh the legitimacy of the uh of the interest that it is articulating no because the the state interests here are established as legitimate as a matter of law so for example this court and joel event recognize that ballot access laws like this that require some modicum showing of a modicum of support serve a very important interest in limiting clutter the supreme court said the same thing so those interests are compelling as a matter of law and i don't think anyone's disputing that our ballot access laws further those which is why no one says that these would be invalid in non-pandemic times the only question the sole basis for their their claim is that they've been severely burdened by the supposed vagueness of the exemption so again if the court rejects the vagueness argument i don't think there's a case they certainly have not identified any facts as opposed to legal conclusions that permit the inference of a severe burden okay thank you mr flowers mr vitrecus you have uh five minutes of rebuttal uh yeah i would like to address the vagueness issue uh let's say for the purpose of argument this afternoon the court uh did not accept your vagueness argument is there any basis uh for us to distinguish thompson at that point well thompson didn't raise the issue of vagueness uh and uh vagueness uh you know was in fact raised in ours which is an issue of both law and fact and the key issue if a minor party which doesn't have a lot of money say for example it doesn't own the state house and can't have 60 million dollars in bribe money uh from say a nuclear power company uh in that situation they're reliant upon volunteers they had already begun and uh again the lawsuit came before june 30th uh opposing counsel is referring to after june 30th for the deserve to be heard by a court what was their experience uh in a pandemic which is associated with sickness and death which is unprecedented and the state of ohio has in fact there are remedies uh in 2008 i know there was a remedy because i tried it before judge frost uh that the parties were put on the ballot in fact four parties the libertarian party the constitutional law party uh the green party and the socialist party because it was such a burden uh that had been designed as the minor party law in ohio it was struck down uh by the federal court systems so yes there are in i mean if the mass public also the promulgation which is the applying aspect of the vagueness why wasn't there a separate promulgation why wasn't it made public uh that these people should go forward i would argue that it was it would have been an incredibly bad medical decision to put high risk people in a situation of getting a face-to-face wedding signature when the technology exists to do things easier what about the latches on the state they issued order two orders in march they issued three of them in march and another one uh in april at what point weren't they thinking about our political process factions ideas the marketplace of ideas that are fundamentally uh fundamental to our political system uh they clearly were not prepared for this either if they're arguing we weren't i mean how many pandemics are there one every hundred years whenever you know we go back to medieval times so the key difference between this and thompson is vagueness okay anything further um your time is just i would argue though that vagueness is the issue of fact and law and my clients deserve to be heard okay apparently there are no further questions uh we uh very much appreciate your arguments this afternoon uh and for your willingness to participate uh in this argument by way of video um we've been doing this now for several months as we all know because of the situation we have with uh with covet 19 we would much prefer to do the arguments in person but we're just not at that point uh as of yet so uh with that uh the case will be submitted we recognize again that um uh number one mr fratricus you have filed a motion for expedited relief we understand that this matter uh is on an expedited uh track and would hope to have a decision for the parties uh truly as soon as possible uh so again thank you both uh for your arguments uh and the case will be taken under submission and uh miss netero you may adjourn for the afternoon it's on record is now adjourned